1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALTON L. SIMMONS,                          No.  2:13-cv-2568 KJN P

12              Plaintiff,

13        v.                                     ORDER

14   D. HANSEN,

15              Defendant.

16

17        Plaintiff, a state prisoner incarcerated at California State Prison-Sacramento (CSP-SAC),

18   has filed a civil rights action pursuant to 42 U.S.C. § 1983, and an application to proceed in forma

19   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

20   302, and 28 U.S.C. § 636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                             1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9        Plaintiff's "complaint" – which alleges that correctional officer Hansen threatened to

10  shoot plaintiff if he did not bring to an end his prison janitorial tasks -- reveals three problems.

11  First, while plaintiff is clearly asserting a civil rights claim, his "complaint" is set forth on a form

12  used to pursue a petition for writ of habeas corpus.  Plaintiff will be accorded an opportunity to

13  present his claims on the appropriate form for pursuing a civil rights action, in an "Amended

14  Complaint."

15       Second, plaintiff's attached exhibits indicate that he exhausted his administrative remedies

16  through only the Second Level.  A prisoner must exhaust all available administrative remedies,

17  through the Director's (Third) Level, before bringing a federal civil rights action.  Griffin v.

18  Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005).

19  A court may dismiss an action for failure to exhaust administrative remedies, pursuant to initial

20  screening of the complaint under 28 U.S.C. § 1915A.  Bennett v. King, 293 F.3d 1096, 1098 (9th

21  Cir.2002) (affirming district court's sua sponte dismissal of prisoner's complaint because he

22  failed to exhaust his administrative remedies).  Because plaintiff has alerted the court to this

23  possibility, he must demonstrate exhaustion of his administrative remedies when he files his

24  Amended Complaint.

25       Third, plaintiff is informed that his allegations against defendant Hansen, as currently

26  framed, do not appear to state a cognizable Eighth Amendment claim.  See Gaut v Sunn, 810 F2d

27  923, 925 (9th Cir. 1987) (mere threat of physical harm is not a constitutional wrong); Keenan v.

28  Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal harassment alone does not violate the Eighth

Amendment); <u>see</u> <u>also</u> <u>Ferguson v. Pagati</u>, 2013 WL 3989426 (C.D. Cal. 2013) (collecting and reviewing cases). Therefore, plaintiff must demonstrate, in his Amended Complaint, that his allegations are sufficient to state an Eighth Amendment claim.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's Amended Complaint complete. <u>See</u> Local Rule 220; <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, plaintiff's Amended Complaint must be complete in itself without reference to his initial pleading.

Accordingly, for these several reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's "complaint" (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff may, within thirty (30) days after the filing date of this order, file an Amended Complaint on the form provided herewith. The Amended Complaint must bear the docket number assigned this case and be labeled "Amended Complaint."

5. The Clerk of Court is directed to send plaintiff the form complaint used by prisoners in this district to commence a civil rights action.

6. Failure to timely file an Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 12, 2014

/simm2568.14.new.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3