UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON L. SIMMONS,<br><br>  Plaintiff,<br><br>  v.<br><br>D. HANSEN,<br><br>  Defendant. | No. 2:13-cv-2568 KJN P<br><br><u>ORDER</u> and<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a prisoner at California State Prison-Sacramento who proceeds without counsel in this putative civil rights action. On March 13, 2014, the court granted plaintiff's application to proceed in forma pauperis and dismissed plaintiff's complaint with leave to file an amended complaint. (See ECF Nos. 7, 8.)

As earlier noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

////

1  The court dismissed plaintiff's original complaint, with leave to file an amended
2  complaint, for the following reasons (ECF No. 7 at 2-3):

> Plaintiff's "complaint" – which alleges that [sole defendant] correctional officer Hansen threatened to shoot plaintiff if he did not bring to an end his prison janitorial tasks -- reveals three problems. First, while plaintiff is clearly asserting a civil rights claim, his "complaint" is set forth on a form used to pursue a petition for writ of habeas corpus. Plaintiff will be accorded an opportunity to present his claims on the appropriate form for pursuing a civil rights action, in an "Amended Complaint."
>
> Second, plaintiff's attached exhibits indicate that he exhausted his administrative remedies through only the Second Level. A prisoner must exhaust all available administrative remedies, through the Director's (Third) Level, before bringing a federal civil rights action. Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005). A court may dismiss an action for failure to exhaust administrative remedies, pursuant to initial screening of the complaint under 28 U.S.C. § 1915A. Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.2002) (affirming district court's sua sponte dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Because plaintiff has alerted the court to this possibility, he must demonstrate exhaustion of his administrative remedies when he files his Amended Complaint.
>
> Third, plaintiff is informed that his allegations against defendant Hansen, as currently framed, do not appear to state a cognizable Eighth Amendment claim. See Gaut v Sunn, 810 F2d 923, 925 (9th Cir. 1987) (mere threat of physical harm is not a constitutional wrong); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal harassment alone does not violate the Eighth Amendment); see also Ferguson v. Pagati, 2013 WL 3989426 (C.D. Cal. 2013) (collecting and reviewing cases). Therefore, plaintiff must demonstrate, in his Amended Complaint, that his allegations are sufficient to state an Eighth Amendment claim.

The court informed plaintiff that "[f]ailure to timely file an Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed." (Id. at 3.)

Plaintiff timely filed an Amended Complaint on the proper form, and checked the box indicating that he exhausted his administrative remedies. (ECF No. 10.) However, this complaint

////
////
////

2

is even more limited than plaintiff's original complaint, and states in full (id. at 3):

> On [blank] Officer D. Hansen threatened to shoot me and I wasn't doing anything that consists of getting shot.  I was only doing my job.  [Requested Relief:]  Prosecute D. Hansen for terroist (sic) threats and monetary comp.

The undersigned finds that plaintiff's Amended Complaint (ECF No. 10) fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and, on this basis, should be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a district judge to this case.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim.  28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2014

simm2568.close

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3